IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 3:12-CR-154 |
| ) | |
| JAMES AMOS PARKER, ) | (REEVES/GUYTON) |
| ) | |
| Defendant. ) | |

## REPORT AND RECOMMENDATION

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Court as may be appropriate. This case is before the Court on Defendant Parker's Motion to Dismiss the Indictment and Memorandum in Support [Doc. 14], filed on January 23, 2013. The Government responded [Doc. 17] on February 15, 2013. The Defendant filed a reply [Doc. 18] on February 25, 2013.[1] The Court took the matter under advisement on the following day.

### I. POSITIONS OF THE PARTIES

The Indictment [Doc. 1] charges the Defendant with one count of using a facility and means of interstate commerce to attempt to knowingly persuade, induce, entice, and coerce a minor to engage in sexual activity on or about September 19, 2012, to September 22, 2012.

---

[1] The Court scheduled a hearing on the filings for February 28, 2013, at 9:30 a.m. On February 27, 2013, both parties contacted the Court and indicated that they wished to waive oral argument. The parties stated that the filings were extensive and nothing would be added to their arguments during the hearing. Therefore, the Court cancelled the hearing.

The Defendant presents two general issues for the Court. First, he claims that the Indictment fails to state the alleged offense because he never communicated or attempted to communicate with a minor. The Defendant argues that the only internet and telephone communications he engaged in were with an adult. Second, the Defendant asserts that since he is charged with attempt, the Government must prove specific intent to commit the crime and that he took a substantial step toward doing so. The Defendant argues that the Government, as a matter of law, cannot prove either.

The Government responds that Congress and other circuits support the view that § 2422(b) can be violated by communicating with an adult intermediary. In addition, it generally argues that the Defendant's communications and conduct, through an intermediary, demonstrate that he attempted to persuade, induce, entice, or coerce a minor. Finally, the Government asserts that the Defendant's conduct as a whole demonstrates that he took a substantial step towards violating § 2422(b).

## II.   ANALYSIS

Our Constitution requires that "[n]o person shall be held to answer for a capital, or otherwise infamous crime, unless on a presentment or indictment by a grand jury." U.S. Const. amend. V. "The indictment . . . must be a plain, concise, and definite written statement of the essential facts constituting the offense charged[.]" Fed. R. Crim. P. 7(c)(1). As a general rule, an indictment passes constitutional muster if it "contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend, and, second, enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense." Hamling

v. United States, 418 U.S. 87, 117 (1974); United States v. Landham, 251 F.3d 1072, 1079 (6th Cir. 2001) (quoting Hamling). An indictment may allege the charges using the words of the statute itself as long as it gives all the elements of the offense "'fully, directly, and expressly[.]'" Hamling, 418 U.S. at 117 (quoting United States v. Carll, 105 U.S. 611, 612 (1882)); Landham, 251 F.3d at 1079. Moreover, the statutory language "'must be accompanied with such a statement of the facts and circumstances as will inform the accused of the specific offense, coming under the general description, with which he is charged.'" Hamling, 418 U.S. at 117-18 (quoting United States v. Hess, 124 U.S. 483, 487 (1888)); Landham, 251 F.3d at 1079.

The Indictment charges the Defendant with attempt to violate 18 U.S.C. § 2422(b). Section 2422(b) states:

> Whoever, using the mail or any facility or means of interstate or foreign commerce, or within the special maritime and territorial jurisdiction of the United States knowingly persuades, induces, entices, or coerces any individual who has not attained the age of 18 years, to engage in prostitution or any sexual activity for which any person can be charged with a criminal offense, or attempts to do so, shall be fined under this title and imprisoned not less than 10 years or for life.

In order to sustain a conviction for attempt, the Government must prove that the Defendant had the specific intent to persuade, induce, entice, or coerce a minor and that he took a substantial step toward completing the violation. See United States v. Bailey, 228 F.3d 637, 639-40 (6th Cir. 2000); United States v. Saucedo, No. 07-20286, 2007 WL 3124658, at *2 (E.D. Mich. Oct. 25, 2007).

As an initial matter, the Court will discuss whether it is permitted to address the issues the Defendant raises or whether these matters should be reserved for a jury.

## A. Propriety of Pretrial Determination

The Defendant asserts that the Indictment should be dismissed because as a matter of law, the undisputed facts cannot constitute a violation of § 2422(b).

Federal Rule of Criminal Procedure 12(b)(2) states that "[a] party may raise by pretrial motion any defense, objection, or request that the court can determine without a trial of the general issue." Moreover, the Court "may make preliminary findings of fact necessary to decide the questions of law presented by pre-trial motion so long as the court's findings on the motion do not invade the province of the ultimate finder of fact." United States v. Jones, 542 F.2d 661, 664 (6th Cir. 1976). Resolution of a pretrial motion to dismiss the indictment for failure to state an offense is appropriate when the "facts surrounding the alleged offense [are] virtually undisputed and trial of the substantive charges would not substantially assist the court in deciding the legal issue raised by the motion to dismiss the indictment." Id. at 665. In Jones, the appellate court held that the district court properly decided the defendant's motion to dismiss the indictment "because [the motion] raised the legal question of whether [the statute at issue] was intended to apply to interspousal wiretaps" and the facts relating to the issue were "virtually undisputed[.]" Id. See also United States v. Vertz, 40 F. App'x 69, 71 (6th Cir. 2002) (stating that "where the defendant is arguing that as a matter of law the undisputed facts do not constitute the offense charged in the indictment, the [c]ourt is reviewing a question of law, not fact").

From Jones and Rule 12(b), the Court distills two requirements for addressing a motion to dismiss the indictment which alleges that the government cannot establish the offense charged as a matter of law: (1) the issue raised must be a question of law and (2) the relevant facts must be undisputed. Jones, 542 F.2d at 665. The undisputed nature of the evidence is an important

4

predicate to a court's determination of a motion to dismiss the indictment. If the evidence relating to the issue raised by the parties is disputed, the court runs the risk of treading upon the role of the grand jury:

> When a body of citizens, properly chosen and constituted as a grand jury, finds probable cause to believe that a crime has been committed within its jurisdiction, that finding is sufficient to require a trial. The indictment is not evidence, as every petit jury in a criminal case is instructed. The prosecution must still produce evidence from which the trial jury can find every element of the offense proven beyond a reasonable doubt, or the defendant is entitled to a judgment of acquittal. However, the prosecution's evidence is tested at trial, not in a preliminary proceeding.

United States v. Short, 671 F.2d 178, 183 (1982); see also United States v. Levin, 973 F.2d 463, 472 (6th Cir. 1992) (Boyce, J., dissenting) (decrying "the district court's pre-trial decision that the government would not be able to establish the requisite criminal intent at trial [as being], in essence, a decision that the indictment was based on insufficient or inadequate evidence").

For purposes of its analysis, the Court will refine the Defendant's arguments into four specific issues: (i) whether communicating with an intermediary is a violation of § 2422(b); (ii) whether the Government must prove that the Defendant intended to persuade the minor through the use of an intermediary or whether it is sufficient to prove that the Defendant intended to persuade the adult to grant access to the minor; (iii) whether the Defendant had the requisite intent to commit a violation of § 2422(b); and (iv) whether the Defendant's actions constitute a substantial step toward violating § 2422(b). The Court will address each issue accordingly.

The Court finds that the issue of whether communicating with an intermediary instead of directly to a minor can constitute a crime pursuant to § 2422(b) is clearly a matter of law. In fact, the present question is very similar to the question presented in Jones (e.g., whether the statute

5

the defendant was charged under intended to apply to interspousal wiretaps). Likewise, the Defendant's motion on this particular issue raises the legal question of whether § 2422(b) was intended to apply to intermediaries. See Jones, 542 F.2d at 665. This is the type of pretrial matter that Rule 12 intended courts to resolve. In fact, without such resolution, both parties are left unsure as to what needs to be proven at trial. Accordingly, the Court finds that the issue regarding the intermediary is properly before the Court.

Next, the Defendant asks this Court to decide whether the Government must prove that the Defendant intended to persuade the minor through the use of an intermediary or whether it is sufficient to prove that the Defendant intended to persuade only the adult. The Court finds that this question is purely a question of law and is the type of pretrial matter that the Court ultimately must resolve. See United States v. Ali, 557 F.3d 715, 719 (6th Cir. 2009) ("A motion under Rule 12 is therefore appropriate when it raises questions of law rather than fact."). Accordingly, the Court finds that this question is properly before the Court.

Third, the Defendant asks this Court to decide whether he had the requisite intent to commit a violation of § 2422(b). "Where criminal intent is one of the elements of an offense, its existence is a question of fact to be determined by the trier of facts." United States v. Luxenberg, 374 F.2d 241, 249 (6th Cir. 1967) (citing Morissette v. United States, 342 U.S. 246, 274 (1952)) ("Where intent of the accused is an ingredient of the crime charged, its existence is a question of fact which must be submitted to the jury."). But see Levin, 973 F.2d at 470 (affirming the district court's dismissal of the indictment because the "government could not prove the required element of intent necessary to support a conviction").[2]

---

[2] While Levin affirmed the district court's dismissal of the indictment, the present matter is different from Levin. In fact, the Levin court observed that it was "an unusual criminal case." 973 F.3d at 466. In Levin, the court was given evidence that proved that the Defendants did not have the requisite intent to commit the violation. Id. at 470.

Furthermore, a motion to dismiss the indictment is not "an opportunity to argue the sufficiency of the evidence." United States v. Silvius, No 1:12-cr-172, 2012 WL 5878841, at *2 (N.D. Ohio Nov. 21, 2012). In fact, "[w]hen a pretrial motion raises questions of fact intertwined with issues involving the merits of the case . . . a court should defer determination of that matter until trial." Id. Essentially, the Defendant requests that the Court weigh the evidence against him, which is similar to a summary judgment motion in a civil case. Weighing the evidence "invade[s] the province" of the jury, and the Court declines to do so in the instant matter. Jones, 542 F.2d at 664. Accordingly, the Court finds that the issue of whether the Defendant had the requisite intent to commit a violation of § 2422(b) is not properly before this Court. See also Constello v. United States, 350 U.S. 359, 363 (1956) (stating that defendants do not have the right to a "preliminary trial to determine the competency and adequacy of the evidence before the grand jury"); Short, 671 F.2d at 183. ("[T]he prosecution's evidence is tested at trial, not in a preliminary hearing."). Accordingly, the Court finds that whether the Defendant had the requisite intent to commit a violation of § 2422(b) is a matter for the trier of fact.

Finally, the Defendant asks this Court to determine whether his actions constitute a substantial step toward violating § 2422(b). The Defendant is again asking the Court "to challenge the strength of the [G]overnment's case." Silvius, 2012 WL 5878841, at *2. For the

---

Specifically, at the preliminary hearing, letters issued from a government agency were introduced showing that the government agency itself "declared the sales promotion program, which was the predicate for the indictment, to be legal." Id. at 468. In the present matter, the Defendant's intent is in dispute and presents a question that is properly suited for a jury. If the Court decided whether the Defendant had the requisite intent, it would allow future defendants "to 'try' the merits of a criminal case in a pretrial hearing before a judge." Id. at 471 (Boyce, J., dissenting). As mentioned above in Short, "the prosecution's evidence is tested at trial, not in a preliminary proceeding." 671 F.2d at 183; see also United States v. Silvius, No. 1;12-cr-172, 2012 WL 5878841, at *3 (N.D. Ohio Nov. 21, 2012) (stating that the defendant's intent is a matter "within the province of the jury").

reasons cited directly above, the Court finds that this too is an issue for the trier of fact.³ Accordingly, the Court finds that this issue is not properly before the Court.

In summary, the Court will address (1) whether a person can violate § 2422(b) by communicating with an adult intermediary, and (2) whether the Government must prove that the Defendant intended to persuade the minor through the use of an intermediary or whether it is sufficient to prove that the Defendant intended to persuade the adult to grant access to the minor. Finally, for purposes of the Defendant's Motion to Dismiss the Indictment, the allegations in the Indictment must be taken as true. See United States v. Hann, 574 F. Supp. 2d 827, 830 (M.D. Tenn. 2008).

### B. Intermediary Theory

The Defendant argues that a person cannot persuade or even attempt to persuade a minor without ever communicating with that minor. The Defendant asserts that the intermediary theory, which is the theory that a defendant is not required to speak directly to the child in order to violate § 2422(b), is inconsistent with the legislative history and the plain language of § 2422(b). The Government responds that other courts have held that communicating with a decoy adult instead of an actual child is sufficient to constitute a violation under § 2422(b), and it urges this Court to adopt the same.

---

³ The Defendant argues that his conduct did not amount to a substantial step. While the Court declines to decide whether the Defendant took a substantial step, the Court acknowledges that other courts have ruled that similar actions constituted a substantial step toward violating § 2422(b). See Saucedo, 2007 WL 3124568, at *6 (explaining that the defendant's actions went "beyond mere preparation" when he engaged in conversations with an undercover agent regarding how he was going to sexually assault the children, encouraged the undercover agent to drive nineteen hours to meet him with the children, provided detailed directions to an exact street in his neighborhood, and instructed the undercover agent to call upon arrival); see also United States v. Nestor, 574 F.3d 159, 161 (3d Cir. 2009) (stating that the defendant's advertisement on Craigslist seeking a sexual encounter with a minor, having discussions with an adult regarding sexual contact with the adult's children, arranging for a sexual encounter with the children, and discussing ways to avoid possible police detention, each could constitute a substantial step, but when taken together, "there is no question" that the defendant took a substantial step).

The Sixth Circuit recently articulated that § 2422(b) "criminalizes conduct even when an actual minor is not on the receiving end of the communications." United States v. Hackworth, 483 F. App'x 972, 978 (6th Cir. 2012) (upholding a conviction in which an undercover agent posed as an underage minor). Similar to the present facts, in Saucedo, the district court held that "solicitation to a 'decoy parent' is prohibited conduct." 2007 WL 3124658, at *5. In Saucedo, an agent, who created an online undercover persona, posed as the mother of two young children. Id. at *1. The children were fictional. Id. The defendant "made it clear that he wanted to have sex with her children and described explicit sexual acts that he wanted to perform." Id. He encouraged the undercover agent to meet him, and he "proceeded to provide detailed instructions to a meeting place[] but did not provide his actual address." Id. He also gave the undercover agent his telephone number and instructed her to call when she arrived at the location. Id. Later, the defendant was charged with attempted coercion and enticement in violation of § 2422(b). Id. In refusing to grant the defendant's motion to dismiss the indictment, the court stated, "This is exactly the type of conduct that Congress intended to prevent in enacting the statute. Had his plans been carried out, [the defendant] would have engaged in sexual relations with minors even if his communications were with an adult intermediary." Id. at *5.

Other circuits have uniformly held the same. United States v. Berk, 652 F.3d 132, 140 (1st Cir. 2011) (stating that "a defendant can be convicted even if the relevant communications are with an intermediary"); United States v. Douglas, 626 F.3d 161, 165 (2d Cir. 2010) (stating that "placing a sexual predator's communications with an adult intermediary beyond the reach of the statute would be an illogical result"); United States v. Lee, 603 F.3d 904, 914 (11th Cir. 2010) (stating that "section 2422(b) does not require an actual minor"); United States v. Kelly,

9

510 F.3d 433, 442 (4th Cir. 2007) (stating that "[i]t would be anomalous to allow prosecution of those individuals who successfully place a specific, identified child in danger, yet set free those who possess the prohibited intent, but are prevented from placing a real child in danger by effective law enforcement"); United States v. Spurlock, 495 F.3d 1011, 1013-14 (8th Cir. 2007) (rejecting the defendant's argument that the statute requires direct communication with a minor); United States v. Tykarsky, 446 F.3d 458, 469 (3d Cir. 2006) (stating that "[i]nterpreting § 2422(b) to require the involvement of an actual minor would render the attempt provision largely meaningless"); United States v. Farner, 251 F.3d 510, 513 (5th Cir. 2001) (rejecting the defendant's argument that it was legally impossible to violate § 2422(b) because his communications were with an undercover adult).

In holding that communicating with an adult intermediary is sufficient and violates § 2422(b), the Second Circuit reasoned:

> We agree with the Eleventh Circuit that the "efficacy of § 2422(b) would be eviscerated if a defendant could circumvent the statute simply by employing an intermediary to carry out his intended objective." Potential victims of enticement may be too young to use the Internet or otherwise communicate directly with strangers without their parents' supervision. Criminals who target such children will perforce operate through intermediaries. If we were to agree with [the defendant's] assumption that the statute sought to protect only those minors who are old enough to sign into a chat room, we would be ignoring Congress'[s] objective of protecting vulnerable children.

Douglas, 626 F.3d at 165 (quoting United States v. Murrell, 368 F.3d 1283, 1287 (11th Cir. 2004)). In addition, as one court explained, "[e]ven if we were to accept the limitation on the terms in § 2422(b)" the defendant "would still be guilty because, again, he was convicted of a crime of attempt." United States v. Nestor, 574 F.3d 159, 162 (3d Cir. 2009).

The Defendant relies upon the legislative history and plain language of § 2422(b) to argue that the Court should blaze a new path in interpreting this statute. The Third Circuit has examined both the plain language of § 2422(b) and its legislative history when analyzing an identical argument. Tykarsky, 446 F.3d at 469. The court first examined the plain language and found that the "attempt" provision within § 2422(b) "indicates that something less than the actual persuasion of a minor is necessary for conviction. . . . The attempt provision is therefore most naturally read to focus on the subjective intent of the defendant, not the actual age of the victim." Id. at 466. The court then found that if it adopted the defendant's "reading of the statute, law enforcement officials would have to use actual minors in conducting sting operations. We do not believe Congress intended such a result." Id. at 468. Thus, the Third Circuit concluded, "After examining the text of the statute, its broad purpose and its legislative history, we conclude that Congress did not intend to allow the use of an adult decoy, rather than an actual minor, to be asserted as a defense to § 2422(b)." Id. at 469; see also Nestor, 574 F.3d at 162 (explaining the legislative history and finding that "[i]t would be wholly inconsistent with the purpose and policy of the statute to allow sexual predators to use adult intermediaries to shield themselves from prosecution").

The Court sees no reason to depart from the reasoning of other courts on this issue. More importantly, the Sixth Circuit has already agreed that requiring the "involvement of an actual minor would render this provision largely meaningless." Hackworth, 483 F. App'x at 977. Accordingly, the Court finds that § 2422(b) can be violated by communicating with an adult intermediary.

### C. Defendant's Communications to the Adult

Generally, the Defendant argues that in order to be charged with attempt to violate § 2422(b), the Government must prove that he attempted to persuade, induce, entice, or coerce the minor. The Government responds that "indirect communication between the defendant and adult with access to a minor concerning proposed sexual activity with that minor is a violation of the statute." [Doc. 17 at 9].

As mentioned above, in order to prove the crime of attempt, the Government must prove the Defendant's "intent to commit the proscribed criminal conduct together with the commission of an act that 'constitutes a substantial step towards commission of the proscribed criminal activity.'" United States v. Shelton, 30 F.3d 702, 705 (6th Cir. 1994) (quoting United States v. Pennyman, 889 F.2d 104, 106 (6th Cir. 1989)).

The Defendant maintains that the communication to the intermediary must be aimed at persuading, inducing, enticing, or coercing the minor, not the adult. He argues that the undisputed facts show that he did not ask the adult to convince the minor to engage in sexual activity nor did he seek to have any of his communications with the adult passed to the minor.

The Court agrees that commission of the sexual act itself is not the criminal conduct proscribed by the statute. As explained in Bailey:

> While it may be rare for there to be a separation between the intent to persuade and the follow-up intent to perform the act after persuasion, they are two clearly separate and different intents and the Congress has made a clear choice to criminalize persuasion and the attempt to persuade, not the performance of the sexual acts themselves. Hence, a conviction under the statute only requires a finding that the defendant had an intent to persuade or to attempt to persuade.

228 F.3d at 639. In addition, both parties agree that the Defendant did not communicate directly with a minor but instead communicated only with the adult. Thus, this is not a case of direct persuasion, and the question before the Court is whether a defendant must try to persuade the minor through the use of an adult intermediary or whether it is sufficient to persuade the adult to grant access to the minor.

In the present matter, although stated very generally, the Government argued that it will try to prove that the Defendant persuaded the minor. [Doc. 17 at 6]; see also United States v. Olvera, 687 F.3d 645, 648 (5th Cir. 2012) (rejecting the defendant's argument to dismiss the indictment by stating that the court did need not address the situation presented in Murrell because the defendant's actions constituted persuading the minor through the use of the adult intermediary). In any event, however, the Defendant's argument is unavailing, and the Court finds that a recent decision from the Fifth Circuit is persuasive.

In United States v. Caudill, the defendant responded to an advertisement on Craigslist, which stated, among other things, "My girlfriend is out of town her daughters are ready to play with you." No. 12-10292, 2013 WL 610492, at *1 (5th Cir. Feb. 19, 2013). The advertisement was actually posted by an undercover agent. Id. The defendant did not ask to communicate to the children nor did he ask the undercover agent to pass along any communications to the child. Id. The court discussed whether his conduct was removed from the scope of § 2422(b) since he never sought to have any of his communications with the adult passed on directly to the child. Id. at *2. In addition, the defendant argued that "as far as [he] knew, the children had already assented to the conduct." Id. The court rejected the defendant's arguments and held:

> Whether [the defendant] intended to persuade, induce or entice
> them to have sexual contact when he met them at the hotel or he
> intended for the adult intermediary to persuade, induce, or entice

13

> them to have sexual contact with [the defendant] before he actually appeared at the hotel, [the defendant's] conduct violated § 2422(b). He used the Internet in an attempt to arrange direct contact so that he could persuade, induce, or entice minor children to engage in sexual intercourse, or he used the Internet in an attempt to have an adult intermediary persuade, induce, or entice minors to have sexual relations with [the defendant].

Id. Likewise, in the present matter, it is irrelevant that the intermediary did not pass along any communications to the minor. The statute does not require a perpetrator to "request an intermediary to convey the perpetrator's communications to a minor." Id. at 3. In addition, the undisputed facts as described in both parties' briefs show that the Defendant was talking to someone whom he believed to be the child's mother. A child's mother is someone who obviously has "sufficient influence or control over a minor." United States v. Nitschke, 843 F. Supp. 2d 4, 13 (D.C. Cir. 2011).

Similarly, in Saucedo, the defendant communicated online with only an adult. 2007 WL 3124658, at *1. He indicated to the adult that he was interested in having sexual intercourse with her children. Id. The adult agreed to meet him with her children. Id. The defendant had no contact with the fictitious children nor did he specifically ask the adult to directly persuade, entice, induce, or coerce the child. Id. The court, nevertheless, found that the defendant's "conduct [fell] within the scope of § 2422(b) [and that] solicitation to a 'decoy parent' is prohibited conduct." Id. at 5. Furthermore, the court stated, "The fact that [the defendant] was talking with a 'decoy parent' does not change [the defendant's] attempt to induce a sexual relationship with a minor." Id.[4]

Accordingly, the Court finds that the Defendant's argument is unpersuasive.

---

[4] The Court also notes that in this District, United States District Judge Thomas W. Phillips recently ruled upon the same issues presented in the Defendant's instant motion. See United States v. Jarrett, No. 3:12-cr-144. In denying the defendant's motion to dismiss in Jarrett, the court found Saucedo "particularly convincing."

### III.  CONCLUSION

After carefully considering the parties' filings and the relevant legal authorities, the Court finds no basis to dismiss the Indictment. For the reasons set forth herein, it is **RECOMMENDED** that Defendant's Motion to Dismiss the Indictment [**Doc. 14**] be **DENIED**.[5]

Respectfully submitted,

     s/ H. Bruce Guyton
United States Magistrate Judge

---

[5] Any objections to this report and recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Fed. R. Crim. P. 59(b)(2) (as amended). Failure to file objections within the time specified waives the right to review by the District Court. Fed. R. Crim. P. 59(b)(2); see United States v. Branch, 537 F.3d 582, 587 (6th. Cir. 2008); see also Thomas v. Arn, 474 U.S. 140, 155 (1985) (providing that failure to file objections in compliance with the required time period waives the right to appeal the District Court's order). The District Court need not provide de novo review where objections to this report and recommendation are frivolous, conclusive, or general. Mira v. Marshall, 806 F.2d 636, 637 (6th Cir. 1986). Only specific objections are reserved for appellate review. Smith v. Detroit Federation of Teachers, 829 F.2d 1370, 1373 (6th Cir. 1987).