UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
(at Knoxville)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Criminal Action No. 3: 12-154-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| JAMES AMOS PARKER, | ) | **MEMORANDUM ORDER** |
| | ) | |
| Defendant. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

On November 6, 2012, an indictment was returned by a federal grand jury charging Defendant James Parker with using a facility and a means of interstate commerce to attempt to knowingly persuade, induce, entice, and coerce an individual who had not attained the age of 18 to engage in sexual activity in violation of 18 U.S.C. § 2422(b). [Record No. 1] Parker initially attempted to have the charge dismissed. However, his efforts were unsuccessful. [Record Nos. 14, 23] As a result, Parker moved the Court for permission to enter a guilty plea. That motion was granted and on June 11, 2013, the undersigned conducted a change of plea hearing. [Record No. 31] The facts supporting Parker's guilty plea and conviction are outlined in the Plea Agreement and in the Court's Memorandum Opinion and Order filed on April 10, 2013. [Record Nos. 23, 27] They are quite disturbing and indicate that the defendant is a danger to the public. The Court further notes that the defendant faces a potentially-lengthy sentence.

Following the change of plea hearing, the United State Probation Office asked the Court to order a psychological (psychosexual) evaluation of the defendant pursuant to 18 U.S.C. §§

-1-

3552(b) and (c). The evaluation was to be performed by Counseling and Consultation Services, Inc. ("CCS") located in Kingsport, Tennessee. [Record No. 33] The evaluation is intended to: (i) identify factors associated with a defendant's risk of re-offending and (ii) determine whether a defendant is amenable to treatment. Thus, the assessment provides the Court with useful information in determining not only the length of supervision following incarceration, but also the restrictions which should be imposed to adequately protect the public during supervision. The Court granted the request over the defendant's objection. [Record No. 34]

Parker's attorney has challenged the scope of the evaluation since this Court directed the psychological evaluation to be performed on July 11, 2103. On August 16, 2013, counsel filed a motion to prohibit CCS from performing either a plethysmograph assessment[1] or polygraph examination. [Record No. 36] Testing was suspended until the matter could be briefed by the parties and addressed by the Court. [Record No. 39] On August 22, 2013, the United States filed its response to the defendant's motion to limit the scope of his evaluation. In relevant part, the government correctly noted that Parker could not be forced to participate in either test but his refusal could be considered by the Court. [Record No. 41] More specifically,

> If the defendant chooses not to participate in either the Plethysmograph Assessment and/or the Polygraph Examination he is protected from doing so by his Fifth Amendment right against self incrimination. However, "no limitation shall be placed" on what information that may be considered by the court in making its sentencing determination. (Quoting *United States v. Kennedy*, 499 F.3d 547, 551 (6th Cir. 2007), and 18 U.S.C. § 3661)

---

1 According to Parker's counsel, a plethysmograph assessment "involves placing a pressure sensitive device around a man's penis, presenting him with an array of sexually stimulating images, and determining his level of sexual attraction by measuring minute changes in his erectile responses." [Record No. 36, citing *United States v. Lee*, 502 F.3d 447, 449 n.1 (6th Cir. 2007) (quoting *United States v. Weber*, 451 F.3d 552, 554 (9th Cir. 2006).)

[*Id.* at p. 4]

A hearing was held in this matter on September 30, 2013, for the purpose of hearing arguments on Parker's initial motion to limit his psychological evaluation [Record No. 38] and his subsequently-filed motion for production of the plethysmograph test [Record No. 50]. After hearing arguments of counsel, the Court granted the initial motion based on defendant's strong opposition and his ability to refuse to participate in its administration. [Record No. 52] During the hearing, Parker's counsel also referenced a desire to be present when other testing was administered by CCS. However, the Court did not specifically address that request at the time. Subsequently, the Court has been advised by the United States Probation Office that CCS objects to Parker's counsel being present. In relevant part, CCS states,

> [a]lthough it is our belief that attorneys and treatment providers have the same goal in mind: what's best for their client, unfortunately we [sic] tend to be more adversarial. We have witnessed both how attorneys have harmed their clients as well as observed how our risk assessments have been used against clients. As a result, attorneys are fearful of the risk assessment and clinicians view attorneys as obstructionists unless we do what the attorney wants. These role dynamics are unnecessary and whether we can bridge this division is uncertain.
>
> The risk assessment is a tool to assist the offender, their family, the courts, and the community. . . . Often times, it seems attorneys interfere with the process.

As a result of the foregoing, CCS does not allow attorneys to attend clinical interviews, although relevant information is provided afterwards.

Based on the foregoing, the Court will direct that the remainder of the pychological testing and evaluation of Defendant James Parker be performed outside the presence of his

attorney. The Court finds that counsel's presence will adversely affect the results of the evaluation. Accordingly, being sufficiently advised, it is hereby

**ORDERED** that neither Jonathan Moffatt nor anyone acting on his behalf shall be allowed to attend or interfere with the psychological testing or evaluation of Defendant James Parker as previously directed by the Court.

This 16th day of October, 2013.

Signed By:
*Danny C. Reeves* DCR
United States District Judge